UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONSO McKINNEY,<br><br>    Petitioner,<br><br>v.<br><br>G. NEWSOM,<br><br>    Respondent. | No. 2:19-cv-1695-EFB P<br><br>ORDER |

Petitioner is a state prisoner proceeding without counsel in this petition for writ of habeas corpus. ECF No. 1. Petitioner seeks leave to proceed in forma pauperis and appointment of counsel. ECF Nos. 7, 8, 9, 10. For the reasons that follow, the request to proceed in forma pauperis is granted, the request for appointment of counsel is denied, and the petition is dismissed with leave to amend.

**I.    Motion to Proceed In Forma Pauperis**

Petitioner's application to proceed in forma pauperis and the trust account statement submitted by his institution of incarceration make the showing required by 28 U.S.C. § 1915(a). Accordingly, the application is granted.

**II.    Motion to Appoint Counsel**

Petitioner has not however, shown that appointment of counsel is warranted. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*,

1

105 F.3d 453, 460 (9th Cir. 1996). The court may appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing § 2254 Cases. The court does not find that the interests of justice would be served by the appointment of counsel at this stage of the proceedings.

### III. Background

The petition does not set forth sufficient facts from which the court can discern the background of the case. He has used the court's form for habeas petitions brought under 28 U.S.C. § 2241 by prisoners in federal custody, although he is in state custody. ECF No. 1. He writes that he is challenging a case in which a jury found him not guilty. *Id.* at 2. Some pages of the petition indicate petitioner's desire to file a "federal tort claim," but petitioner does not place this tort claim in any factual context. *Id.* at 6-7. The most substantive statement in the petition is:

> Statement of claim: Attorney Elizabeth Horowitz, filed claim during 2016, year and after. The courts verify found not guilty. Please note, I filed several claim after new billed passed. No reply, also claim is pursuant to 911.4 to 912.2 and S.B. 1134 retroactive to above. I was found not guilty on Case No. 021728 and B269397 2nd appellate court [sic all].

*Id.* at 10.

### IV. Legal Standards

United States District Courts have authority under 28 U.S.C. § 2241 to grant petitions for writ of habeas corpus to federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The court should award the writ or issue an order to the respondent to show cause why the writ should not be granted "unless it appears from the application that the applicant or person detained is not entitled" to relief. 28 U.S.C. § 2243. If it appears that the petitioner is not entitled to relief, the court may dismiss the petition. *Ruby v. United States*, 341 F.2d 585, 586-87 (9th Cir. 1965).

### V. Screening Order

Although petitioner has filed on the court's § 2241 form, § 2241 does not appear to be the appropriate vehicle for his claim, as he is not in federal custody. The petition is so incomprehensible that the court cannot understand whether petitioner wishes to pursue habeas relief under 28 U.S.C. § 2254 (appropriate for state prisoners), to file a civil rights claim under 42

U.S.C. § 1983 against some state official(s), or to file some sort of tort claim. From the unintelligible facts alleged by petitioner, the court cannot discern any cognizable federal claim.

For this reason, the petition must be dismissed. Petitioner will be granted leave to file an amended petition alleging specific facts that, if true, would entitle him to relief and clearly indicating the relief sought.

Accordingly, it is hereby ORDERED that:

1. The application to proceed in forma pauperis (ECF Nos. 7, 10) is GRANTED;
2. The motion for appointment of counsel (ECF No. 9) is DENIED without prejudice; and
3. The petition is dismissed with leave to file an amended petition within 30 days from the date of service of this order. If petitioner elects not to file an amended petition, the undersigned will recommend that the case be dismissed for failure to state a cognizable claim.

So ordered.

DATED: April 3, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE