UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO McKINNEY,<br><br>         Petitioner,<br><br>    v.<br><br>G. NEWSOM,<br><br>         Respondent. | No. 2:19-cv-1695-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His initial petition (ECF No. 1) was dismissed on screening for failure to state a cognizable claim. ECF No. 11. He has since filed an amended petition (ECF No. 12) which is screened below.

I.     Legal Standards

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4, Rules Governing Section 2254 Cases.

II.    Analysis

The crux of the amended petition appears to be petitioner's contention that the California "Victim Compensation Government Claim Board" erroneously denied a claim he submitted.

1

ECF No. 12 at 5. He also claims that he suffered six months of false imprisonment, but his claim related to this issue is also based on California's failure to compensate him for this alleged injury. *Id.*

The amended petition does not state a cognizable federal habeas claim. Federal habeas relief is available only where a petitioner is in custody in violation of the Constitution or the laws or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). California's denial of petitioner's tort claim, even if erroneous under California law, does not invoke any violation of federal law.

Given the nature of petitioner's claims and the fact that he has already been afforded one opportunity to amend his complaint, the court recommends that this action be dismissed without further leave to amend.

III.   Conclusion

Accordingly, it is ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that the amended petition (ECF No. 12) be dismissed without leave to amend for failure to state a cognizable federal habeas claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section

/////

/////

2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: May 5, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE